

MAR 2 6 2019

Clerk, U.S. District Court
District Of Montana
Missoula

**CYNDEE L. PETERSON**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone: 406-542-8851**
**FAX: 406-542-1476**
**Email: Cyndee.Peterson@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SHAWN THOMAS CONRAD,**<br><br>**Defendant.** | **CR 18-151-BLG-SPW**<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Cyndee L. Peterson, Assistant United States Attorney for the District of Montana, and the defendant, Shawn Thomas Conrad, and the defendant's attorney, Kris McLean, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to count II of the indictment. Count II charges the crime of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(b), and the offense carries a penalty of up to 10 years imprisonment[1], a $250,000 fine, not less than five years of supervised release and not more than lifetime supervised release, and a $100 special assessment. In addition, if the defendant is not found to be indigent by the sentencing Court, count II carries a mandatory special assessment of $5,000 under the Justice for Victims of Trafficking Act of 2015. The indictment also contains a forfeiture allegation, which the defendant will admit.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss count I of the indictment.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by: Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled

[1] The parties agree that the enhanced penalty for possessing depictions of a minor who has not attained the age of twelve years of age does not apply in this case.

provided the United States: a) moves to dismiss, and the Court agrees to dismiss, count I of the indictment and does not pursue other charges against the defendant; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and count I is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

**4. Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in count II of the indictment. In pleading guilty, the defendant acknowledges that:

First, that the defendant knowingly possessed any computer disk or other material that the defendant knew contained an image of child pornography;

Second, that the defendant knew that the image contained on the computer disk or other material was of or showed a minor engaged in sexually explicit conduct;

Third, that the defendant knew that the production of such image involved the use of a minor engaging in sexually explicit conduct; and

Fourth, the computer disk and other material containing an image of child pornography had been shipped or transported using any means and

facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including computer.

**Forfeiture Allegation:**

The defendant admits that he used the following described property to commit, or facilitate the commission of, the offense in this case, or that the items contain sexually explicit images of children: Dell laptop, serial number D7YDN52; and Seagate GoFlex external hard drive, serial number NA0Q529P.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice or acted in any way inconsistent with acceptance of responsibility between his change of plea hearing and his sentencing.[2] The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.

The Defendant acknowledges and stipulates that the USSG § 3C1.1 (obstruction/attempted obstruction enhancement: +2) will be applied to his Sentencing Guidelines calculation.

The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to

---

[2] For purposes of the Guidelines calculation, the parties stipulate that this is an extraordinary case in which adjustments under both §§ 3C1.1 and 3E1.1 apply. *See* USSG § 3E1.1, App. Note 4.

induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

**9. Restitution:** The defendant agrees to be responsible for complete restitution regardless of whether a count of the indictment have been dismissed as part of this plea agreement. 18 U.S.C. § 3663(a)(3). Specifically, the defendant agrees to pay restitution to "Jane Doe" $15,000 for her losses. 18 U.S.C. §§ 3663(a)(3).

The defendant also agrees to pay restitution in the amount of $3,000 per victim to any other victim (associated with count II of the Indictment) who may be identified and requests restitution prior to sentencing, with the caveat that if the total number of victims results in an amount of restitution exceeding $50,000 total, neither party shall be bound by this paragraph and the restitution amount will be litigated or renegotiated.

**10. Forfeiture:** The defendant also agrees to abandon all right title and interest in the property described in the forfeiture allegation of the indictment, execute a release and waiver to that effect, or agree to the entry of an Order of Forfeiture transferring the property to the United States.

**11. Waiver of Appeal of the Sentence – General:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. Based on the concessions made by the United

States in this case, the defendant knowingly waives any right to appeal the sentence including all conditions of release and orders of restitution, and any right to bring any other post-conviction attack on the sentence. The defendant specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking the sentence. This waiver does not prohibit the right to pursue or maintain such an action alleging ineffective assistance of counsel.

**12. Megan's Law/Adam Walsh Act Notice:** The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that registrations must be updated no later than three business days after any change of name, residence, employment, or student status. The defendant understands and acknowledges that, prior to any travel, information must be provided relating to intended travel outside of the United States. 42 U.S.C. § 16914. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under

AUSA DEF ATTY AUSA Date 3/26/19

federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**13. Detention After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

**14. FOIA Waiver:** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**15. Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

**16. Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

CYNDEE L. PETERSON
Assistant U. S. Attorney
Date: 3/26/2019

SHAWN THOMAS CONRAD
Defendant
Date: 3/22/19

KRIS McLEAN
Defense Counsel
Date: 3/26/19

AUSA DEF ATTY Date 3/26/19